STATE OF MINNESOTA

IN SUPREME COURT

ADM 10-8049



FILED

August 1, 2016

OFFICE OF
APPELLATE COURTS

**ORDER PROMULGATING AMENDMENTS TO
THE RULES OF CRIMINAL PROCEDURE**

Following amendments promulgated in 2015 to the Rules of Criminal Procedure, we directed the Minnesota Supreme Court Advisory Committee on the Rules of Criminal Procedure to continue to monitor the rules and report by April 1, 2016, whether any further amendments were recommended to facilitate the continued transition by the judicial branch to a more universal electronic environment. The Advisory Committee filed a report on March 30, 2016, that recommended amendments to several rules in further support of the continued expansion of an electronic court environment.

In an order filed April 21, 2016, we opened a public comment period on the proposed amendments to the Rules of Criminal Procedure. One written comment was received, from the Minnesota State Bar Association, regarding the recommended amendments.

The court has carefully considered the committee's recommendations and the written comment. Based on all of the files, records, and proceedings herein,

1

IT IS HEREBY ORDERED THAT:

1.     The attached amendments to the Rules of Criminal Procedure be, and the same are, prescribed and promulgated to be effective as of October 1, 2016.  The rules as amended shall apply to all cases pending on or filed on or after the effective date.

2.     The inclusion of committee comments and amendments to the comments is for convenience and does not reflect court approval of the comments or the amendments to the comments.

Dated:  August 1, 2016                     BY THE COURT:

Lorie S. Gildea
Chief Justice

# AMENDMENTS TO THE RULES OF CRIMINAL PROCEDURE

*[Note: In the following amendments, deletions are indicated by a line drawn through the words and additions are indicated by a line drawn under the words.]*

**1. Amend Rule 1.06 as follows:**

**Rule 1.06. Use of Electronic Filing for Charging Documents**

**Subd. 1. Definition of E-Filing.** "E-filing" for purposes of this rule means the electronic transmission of the charging document to the court administrator by means authorized by the State Court Administrator.

**Subd. 2. Authorization.** ~~E-filing may be used to file with the court administrator in a criminal case any charging document. Effective July 1, 2015, in Cass, Clay, Cook, Dakota, Faribault, Hennepin, Kandiyohi, Lake, Morrison, Ramsey, and Washington Counties, e-filing must be used to file all complaints. Effective July 1, 2016, e-filing~~ E-filing must be used to file all citations, tab charges, and complaints ~~statewide~~.

**Subd. 3. Signatures.**

(1) How Made. ~~If the charging document is e-filed, all~~ All signatures required under these rules must be affixed electronically, unless. ~~If~~ the e-filing technology is unavailable~~, any individual required to sign the charging document may print the charging document and affix a manual signature~~. If the document must be~~is~~ printed and manually signed, ~~all subsequent signatures must be affixed manually, and the~~a printed copy must be filed with the court.

(2) Signature Standard. Electronic signatures ~~affixed by law enforcement officers serving as the complainant must be authenticated using biometric identification. Other electronic signatures~~ may be affixed by any electronic means.

(3) Effect of Electronic Signature. A printed copy of a charging document showing that an electronic signature was properly affixed under paragraph (2) prior to the printout is prima facie evidence of the authenticity of the electronic signature.

**Subd. 4. Electronic Notarization.** If the probable cause statement in an e-filed complaint is made under oath before a notary public, it must be electronically notarized in accordance with state law. The probable cause statement may be signed under penalty of perjury pursuant to Minnesota Statutes, section 358.116.

1

**Subd. 5. Paper Submission.** E-filed charging documents are in lieu of paper submissions. An e-filed charging document should not be transmitted to the court administrator by any other means. Paper submission is authorized in lieu of e-filing where the electronic means authorized by the State Court Administrator are unavailable to the submitting agency. The refusal to purchase the needed equipment or utilize the electronic means authorized by the State Court Administration does not constitute unavailability.

**2. Amend the Comment to Rule 1, paragraph 7, as follows:**

> *It is anticipated that if a complaint is commenced electronically, and the technology becomes unavailable due to a system failure, any actor in the chain (e.g., prosecutor or judge) may need to print the complaint and proceed by filing a hard copy. If paper filing occurs, Rule 1.06, subd. 3, clarifies that any signatures affixed electronically and shown on the hard copy complaint are valid so long as the signatures were affixed in compliance with the electronic signature standard under paragraph (2). It is also anticipated that certain complaints and citations, including complaints filed by a prosecutor from a county other than the county of venue in a conflict case and complaints and charged citations filed by agencies without a federal Originating Agency Identification (ORI) number, must be filed on paper for the foreseeable future because the current e-filing system does not support electronic filing of those documents. The current e-filing system used for filing charging documents also does not support the creation and filing of an indictment; however, if a criminal case has already been initiated by the filing of a complaint, an indictment may be filed into that case by the prosecutor using the E-Filing sSystem defined in Minnesota General Rules of Practice 14.*

**3. Amend Rule 2.01 as follows:**

**Rule 2.01. Contents; Before Whom Made**

**Subd. 1. Contents.** The complaint is a written signed statement of the facts establishing probable cause to believe that the charged offense has been committed and that the defendant committed it, except as modified by Rules 6.01, subd. 4, 11.08, and 15.08. The probable cause statement can be supplemented by supporting affidavits, statements signed under penalty of perjury pursuant to Minnesota Statutes, section 358.116, or by sworn witness testimony taken by the issuing judge. The complaint must specify the offense charged, the statute allegedly violated, and the maximum penalty. The complaint must also conform to the requirements in Rule 17.02.

2

**Subd. 2. Before Whom Made.** The probable cause statement must be made under oath before a judge, court administrator, or notary public, ~~except as otherwise provided in Rules 11.08 and 15.08,~~ or signed under penalty of perjury pursuant to Minnesota Statutes, section 358.116. If sworn witness testimony is taken under subdivision 3, the oath must be administered by a judge, but the oath may be administered by telephone, ITV, or similar device.

**Subd. 3. Witness Testimony; How Made.** If the court takes sworn witness testimony, the court must note that fact on the complaint. The testimony must be recorded by a reporter or recording instrument and must be transcribed and filed.

**Subd. 4. Probable Cause Determination.** The judge must determine whether probable cause exists to believe an offense has been committed and the defendant committed it. When the alleged offense is punishable by a fine only, the probable cause determination can be made by the court administrator if authorized by court order.

**4. Amend the first paragraph of the Comment to Rule 2 as follows:**

> *Rule 2.01 notes <u>an</u> exception~~s~~ to the probable cause requirement in the complaint. Rule 6.01, subd. 4 permits probable cause to be contained in a separate attachment to the citation. ~~Rules 11.08 and 15.08, which authorize the substitution of a new complaint to permit a plea to a misdemeanor or different offense, do not require a showing of probable cause.~~*

**5. Amend Rule 4.02, subd. 2, as follows:**

**Subd. 2. Citation or Tab Charge.** The arresting officer or the officer's superior may issue a citation ~~or tab charge~~ and release the arrested person, and must release the arrested person if ordered by the prosecutor or by a judge of the district court where the alleged offense occurred. The arresting officer or the officer's superior may issue a citation or tab charge and continue to detain the arrested person if any of the circumstances in Rule 6.01, subd. 1(a)(1)-(3) exist.

**6. Amend Rule 4.02, subd. 5(2) and (3) as follows:**

> (2) Complaint Filed; Order of Detention; Felonies and Gross Misdemeanors Not Charged as Designated Gross Misdemeanors Under Rule 1.04(b). A complaint must be presented to the judge before the appearance under Rule 4.02, subd. 5(1). The complaint must be filed promptly, except as provided by Rule 33.04, and an order for detention of the defendant may be issued, provided: (1) the complaint contains the written approval of the prosecutor or the certificate of the judge as provided by Rule 2.02; and (2) the judge determines from the facts presented in

3

writing in or with the complaint, and any supporting documents or supplemental sworn testimony, that probable cause exists to believe that an offense has been committed and that defendant committed it. Otherwise, the defendant must be released, the complaint and any supporting documents must not be filed, and no record made of the proceedings.

(3) Complaint, Tab Charge, or Citation; Misdemeanors; Designated Gross Misdemeanors. If no complaint is filed by the time of the defendant's first appearance in court as required by this rule for a misdemeanor charge or a gross misdemeanor charge for offenses designated under Rule 1.04(b), a citation or tab charge must be filed. However, in a misdemeanor case, if the judge orders, or if requested by the person charged or defense counsel, a complaint must be filed.

In a designated gross misdemeanor case commenced by a tab charge or citation, the complaint must be served and filed within 48 hours of the defendant's appearance if the defendant is in custody, or within 10 days of the appearance if the defendant is not in custody, provided that the complaint must be served and filed before the court accepts a guilty plea to any designated gross misdemeanor. Service of a gross misdemeanor complaint must be as provided by Rule 33.02.

In a misdemeanor case, the complaint must be filed within 48 hours after demand if the defendant is in custody, or within 30 days of the demand if the defendant is not in custody.

If no complaint is filed within the time required by this rule, the defendant must be discharged, and the complaint and any supporting documents must not be filed.

A complaint is valid when it: (1) complies with the requirements of Rule 2; and (2) the judge has determined from the complaint and any supporting documents or supplemental sworn testimony that probable cause exists to believe that an offense has been committed and that the defendant committed it.

Upon the filing of a valid complaint in a misdemeanor case, the defendant must be arraigned. When a charge has been dismissed for failure to file a valid complaint, and the prosecutor later files a valid complaint, a warrant must not be issued on that complaint unless a summons has been issued first and either could not be served, or, if served, the defendant failed to appear in response.

**7. Amend Rule 6.02, subd. 3, as follows:**

**Subd. 3. Pre-Release Investigation.** To determine conditions of release, the court may investigate the defendant's background before or at the defendant's court appearance. The investigation may be conducted by probation services or by any other

4

qualified agency as directed by the court. <u>The court, or the agency at the court's direction, must forward any pre-release investigation report to the parties. The pre-release investigation report must not be disclosed to the public without a court order.</u>

Information obtained in the pre-release investigation from the defendant in response to an inquiry during the investigation and any derivative evidence must not be used against the defendant at trial. Evidence obtained by independent investigation may be used.

**8. Amend Rule 9.03, subd. 6, as follows:**

**Subd. 6. In Camera Proceedings.** On any party's motion, with notice to the other parties, the court for good cause may order a discovery motion to be made in camera. A record must be made. ~~If the court orders an in camera hearing, the~~<u>The</u> entire record of the motion must be sealed and preserved in the court's records, and be available to reviewing courts. Any materials submitted to the court for in camera review must be submitted in accordance with Rule 14.06 of the General Rules of Practice for the District Courts.

**9. Amend Rule 15.07 as follows:**

**Rule 15.07. Plea to Lesser Offenses**

With the prosecutor's consent and the court's approval, the defendant may plead guilty to a lesser included offense or to an offense of lesser degree. On the defendant's motion and after hearing, the court, without the prosecutor's consent, may accept a guilty plea to a lesser included offense or to an offense of lesser degree, provided the court is satisfied that the prosecutor cannot introduce sufficient evidence to justify the submission of the offense charged to the jury or that it would be a manifest injustice not to accept the plea. In either event, the plea may be entered without amendment of the charging document. However, ~~in felony cases, if the indictment or complaint is not amended,~~ the reduction of the charge to an included offense or an offense of lesser degree must be done on the record. ~~If done only on the record, the proceedings must be transcribed and filed.~~

**10. Amend Rule 15.08 as follows:**

**Rule 15.08. Plea to Different Offense**

With the consent of the prosecutor and the defendant, the defendant may enter a guilty plea to a different offense than that charged in the original charging document. ~~If the different offense is a felony or gross misdemeanor, a new complaint must be signed by the prosecutor and filed in the district court. The complaint must be in the form prescribed by Rule 2.01 except that it need not be made upon oath, and the facts~~

5

~~establishing probable cause to believe the defendant committed the offense charged need not be provided. If the different offense is a misdemeanor, the~~ The defendant may be charged with the new offense by complaint, or on the record, and the original charge must be dismissed.

**11. Delete the 13th paragraph of the Comments to Rule 15 as follows:**

*~~Before proceeding under Rule 15.10, the prosecutor in the jurisdiction having venue must charge the defendant. This may be done by complaint or indictment or, for misdemeanors, by tab charge. The charging document may be transmitted to the jurisdiction where the plea is to be entered by facsimile transmission under Rule 33.05.~~*

**12. Amend Rule 33.03 as follows:**

**Rule 33.03. Notice of Orders**

Upon entry of an order, the court administrator must promptly transmit a copy to each party and ~~must make a record of~~ document the transmission. The court administrator may provide a copy by electronic means as authorized or required by Rule 14 of the Minnesota General Rules of Practice. The transmission~~s~~ of the order constitutes the notice of its entry. As long as the order transmitted indicates the date the order was entered, the order need not be accompanied by a separate notice of entry. Lack of notice of entry by the court administrator does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, unless these rules direct otherwise.

**13. Amend Rule 33.05 as follows:**

**Rule 33.05. ~~Facsimile or~~ Electronic Transmission**

~~(a) Facsimile Transmission.~~ Complaints, orders, summons, warrants, and supporting documents–including orders and warrants issued under Minnesota Statutes, Chapter 626A–may be sent via ~~facsimile~~electronic transmission. A complaint, order, summons, or warrant signed electronically or sent by electronic transmission is valid and enforceable.

~~A facsimile order or warrant issued by the court is valid and enforceable.~~

~~(b) Electronic Transmission. Search warrants and supporting documents including orders and warrants issued under Minnesota Statutes, Chapter 626A, may be sent and signed electronically under a method approved by the State Court Administrator.~~

6

Any search warrant signed electronically under a method approved by the State Court Administrator is valid and enforceable.

**14. Delete the second paragraph of the Comment to Rule 33 as follows:**

*Search warrants may be requested by affidavit or by oral testimony, and may be obtained in person and signed on paper, exchanged by facsimile and signed on paper, or exchanged and signed electronically under a method approved by the State Court Administrator. The rules do not require a warrant to be obtained in a particular manner. With the number of variations in how a warrant may be requested, how the documents may be transmitted, and how the signature may be applied, there is no longer what was traditionally considered an "original" warrant in many circumstances. Regardless of the method by which the warrant was obtained, if the warrant was requested and signed under one of the approved processes, the warrant is valid and enforceable.*

**15. Amend Rule 34.04 as follows:**

**Rule 34.04. Additional Time After Service by Mail or Electronic Service Late in the Day**

When a party is served with a notice or other ~~paper~~document by mail, three days must be added to the time the party has the right, or is required, to act. If service is made by electronic means and accomplished after 5:00 p.m. Minnesota time on the day of service, one additional day must be added to the time the party has the right, or is required, to act.

**16. Add a new Rule 37 as follows:**

**RULE 37. SEARCH WARRANTS ON WRITTEN APPLICATION**

**Rule 37.01. General Rule**

Search warrant applications must be supported by a written affidavit signed under oath, a signed statement attested to under oath, or by a written statement signed under penalty of perjury pursuant to Minnesota Statutes, section 358.116. The judge to whom a search warrant application is submitted has the discretion not to administer an oath to the applicant if the affidavit in support of the search-warrant application was signed under oath and notarized by a notarial officer pursuant to Minnesota Statutes Chapter 358, or signed under penalty of perjury pursuant to Minnesota Statutes, section 358.116.

7

## Rule 37.02. Electronic Transmission and Signature

Search warrant applications, including requests for orders under Minnesota Statutes, Chapter 626A, search warrants, and orders may be signed and transmitted electronically. A search warrant or order signed electronically or sent by electronic means is valid and enforceable.

If the judge administers an oath via telephone, radio, or similar means of communication, and the applicant does no more than attest to the contents of a signed statement that was transmitted electronically, a verbatim recording of the oath and attestation is not required. The judge must note on the warrant that the person submitting the application was duly sworn and by what means of communication. If any oral testimony is to be taken in support of the application, the judge must proceed as required by Rule 36.

**17. Add a Comment to Rule 37 as follows:**

*Search warrants may be requested by a written affidavit signed under oath, a signed statement attested to under oath, a written statement signed under penalty of perjury, or by sworn oral testimony, and may be obtained in person and signed on paper, exchanged electronically and signed on paper, or exchanged and signed electronically. The rules do not require a warrant to be obtained in a particular manner. With the number of variations in how a warrant may be requested, how the documents may be transmitted, and how the signature may be applied, there is no longer what was traditionally considered an "original" warrant in many circumstances. Regardless of the method by which the warrant was obtained, if the warrant was requested and signed under one of the approved processes, the warrant is valid and enforceable.*